**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**BILLY MITCHELL MOORE**                                                      **PLAINTIFF**

**VS.**                    **CIVIL ACTION NO.: 1:13CV00013-JMV**

**COMMISSIONER OF SOCIAL
SECURITYADMINISTRATION**                               **DEFENDANT**

**<u>FINAL JUDGMENT</u>**

This cause is before the court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for a period of disability and Disability Insurance Benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench following the parties' oral argument, the court finds that the doctrine of *res judicata* bars Plaintiff's claim for benefits for the period beginning May 19, 2006 and ending May 19, 2009 (the date of the ALJ's decision on Plaintiff's prior application). However, with respect to the relevant period, May 20, 2009 through the date last insured, the court finds the ALJ failed to articulate sufficient cause for discounting the opinion of Plaintiff's treating physician, Dr. Andrew Kerby, with respect to limitations associated with Plaintiff's diabetes. Particularly, the ALJ pointed out that Dr. Kerby found diabetic peripheral neuropathy and that there was "mention" of conducting an EMG study, but discounted his opinion (presumably) merely because there was no copy of the EMG study in the

record. On remand, the ALJ shall recontact Dr. Kerby and request a copy of the results of the EMG study referenced in his treatment notes and medical source statement. The ALJ shall consider this evidence and obtain supplemental opinions from Plaintiff's consultative examiners if necessary. **Counsel for the Plaintiff herein shall promptly notify this court (but no later than 30 days after a new ALJ decision) if it is determined that no EMG study exists.**

Additionally, the court notes the ALJ failed to include the claimant's right wrist impairment as a severe impairment–a finding made by the ALJ on Plaintiff's prior application–and made no determination regarding its severity. Yet, during the hearing, the ALJ stated on the record that she was taking her hypothetical question from the prior ALJ's decision which actually took into account limitations associated with Plaintiff's right hand. Nevertheless, the hypothetical the ALJ actually read to the VE deviated with respect to the right hand only, as it was *less* restrictive than the hypothetical/RFC found by the ALJ in the prior decision. On remand, the ALJ shall make specific findings with regard to the severity of Plaintiff's wrist impairment and reconsider her RFC finding in that respect, if necessary. Moreover, the ALJ shall obtain supplemental vocational expert testimony if necessary and conduct any additional proceedings not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 29th day of October, 2013.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE