# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**BILLY MITCHELL MOORE**                                                             **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO.: 1:13CV00013-JMV**

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**                                                **DEFENDANT**

## O R D E R

Before the court is Plaintiff's counsel's Motion for Attorney's Fees [20], filed April 13, 2015. The court has considered the submissions of the parties, the record, and the applicable law and is ready to rule.

On January 18, 2013, Billy Mitchell Moore filed the above captioned civil action to appeal the Commissioner's denial of disability benefits. By Final Judgment [19] dated October 29, 2013, the undersigned remanded the case to the Social Security Administration ("SSA") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Now, having obtained a favorable ruling from the SSA, counsel for Plaintiff returns with a Motion for Attorney's Fees. By the motion counsel initially requested a total of $25,347.00 in attorney's fees (representing 144.84 hours of attorney time at a rate of $175.00 per hour) and $1,013.60 in expenses, all to be paid from Plaintiff's "past-due benefits." However, in response to several objections raised by the Commissioner in her response [21], by way of reply [23] counsel has amended his request to a total of $18,882.98 and asks the court to consider only 65.3 hours of work plus $798.60 in expenses. In support of his request for fees, counsel has submitted an itemization of services rendered from June 2009 through January 2015. The itemization includes work performed both before the SSA and the district court. Despite the amendments to the fee request, however, the court finds counsel is entitled to no more than $6,573.60 for the reasons that follow.

First, while not stated precisely in the motion, counsel's reply brief clarifies that the instant

motion is being brought pursuant to the Social Security Act, 42 U.S.C. § 406, not the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412. Indeed, EAJA fees are paid out of administrative funds, not a claimant's past-due benefits, and any request for EAJA fees must be filed within 30 days of final judgment in the action. *See* § 2412(d)(1)(B). Fees under § 406, on the other hand, satisfy a client's obligation to his counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir.1994).

Next, it should be pointed out that § 406 deals with the administrative and judicial review stages of a social security case separately. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(a) governs fees for representation in administrative proceedings, and "the authority for setting fees for representation in agency proceedings rests exclusively with the [Commissioner]." *See Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990), *abrogated on other grounds by Gisbrecht, supra*. Section 406(b), on the other hand, "controls fees for representation in court." *Gisbrecht*, 535 U.S. at 794. Under section 406(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). It is the duty of the district court to determine a reasonable fee given the circumstances of each particular case. *Brown* , 917 F.2d at 192. The burden, however, is on the plaintiff's attorney to "show that the fee sought is reasonable for the services rendered." *See Gisbrecht,* 535 U.S. at 807.

Plaintiff's counsel has provided a Notice of Award letter from the SSA dated March 24, 2015, which indicates Plaintiff was found disabled on remand and that a total of $24,882.98 was withheld from his past-due benefits for payment of his counsel. That notice further explains that

based on a fee agreement between Plaintiff and his representative, the representative could not charge and the SSA could not pay that representative more than $6,000.00 from the benefits withheld.[1] The remaining $18,882.98, however, was set aside by the SSA for approval of a fee by this court for work done at the district court level. Having considered this proof, the court is convinced that the instant fee petition is timely[2] and that the court may properly make an award to Plaintiff's counsel under § 406(b) from Plaintiff's past-due benefits for time spent on the case for proceedings before this court. In any event, counsel may collect no more than $18,882.98 for work performed before this court. Thus, the only issue that remains is whether an award of this total amount is reasonable.[3]

Plaintiff asks the court to approve the remaining monies set aside for attorney's fees based on 65.3 hours of work at $175.00 per hour plus $798.60 in expenses beginning November 21, 2012, and concluding on October 30, 2013. By the court's calculations, these figures yield a total of only $12,226.10. The Commissioner, however, contends only 54.25 hours of counsel's itemized entries should be considered and argues this time should be further reduced because many of the entries are excessive. While the court was slightly more generous regarding what time entries to include, the court agrees with the Commissioner that many of the time entries are excessive and are not appropriately costs that should be paid from Plaintiff's disability benefits.

---

[1] Counsel explains in his reply brief that he has already collected from the SSA the $6,000.00 fee award, less a $91.00 service charge.

[2] *See Charlton v. Astrue*, No. 3:10-cv-56-O-BH, 2011 WL 6325905, at *2 (N.D. Tex. Nov. 22, 2011) (accepting a 406(b) petition as timely in the court's discretion where petition was filed within a reasonable time of the notice of disability award and did not prejudice the plaintiff); *Daigle v. Social Security Administration*, No. 062393, 2010 WL 3522389, at 3 (W.D. La. Aug. 31, 2010) (exercising discretion to find 406(b) petition not untimely where timing of petition was not unreasonable and no prejudice to SSA or claimant).

[3] While fees under the EAJA are statutorily capped, fees under § 406 are limited to reasonableness and may be no more than 25% of past-due benefits. *See* 42 U.S.C. § 406(b)(1).

First, the court believes it is fair to include counsel's time entries beginning on 12/3/12 and concluding on 10/30/13, the end date submitted by Plaintiff's counsel. Next, the court finds that with many of these entries, counsel has failed to meet his burden of showing the fee sought is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. For example, entries from 12/3/12 through 1/18/13 indicate 14.5 hours were spent (by two attorneys in some instances) reviewing the case; conducting research; and drafting, revising, and filing the complaint. Indeed, the 1/18/13 entry suggests time was included for the time it took to drive from Booneville, Mississippi, presumably, to Aberdeen for filing of the complaint. These entries indicate duplication of work and excessiveness and will be reduced to a total of 6 hours.

Next, time entries from 1/18/13 through 5/7/13 document service of process by certified mail; electronic filing of documents; and receipt and review by counsel of routine filings and correspondence that took as long as thirty minutes in some instances. Moreover, the court believes counsel would be hard pressed to justify why it took an hour on 4/8/13 to review the Commissioner's three-page answer, which consisted largely of a series of admissions and denials, and three hours for printing and review of the administrative transcript. Finally, the court does not understand what purpose the thirty minute letter request to Dr. Kerby for updated evidence on 3/13/13 served in a case that was confined to the administrative record. These entries will likewise be reduced to a total of 5 hours.

The next block of entries, from 5/10/13 through 6/7/13, encompass research and preparation of the Plaintiff's brief in support of the complaint for judicial review. The court finds that in light of the fact that the court ultimately remanded this case based on only one of the issues presented in the Plaintiff's 12 page brief–whether the ALJ erroneously discounted the opinion of Plaintiff's treating physician–and that this issue was not novel and is, in fact, considered routine in social security

cases, the 16.5 hours billed by counsel will be reduced to 8 hours.

The entries from 6/10/13 through 10/28/13, with the exception of the 7/8/13 entry including review of the Commissioner's brief, consist mainly of receipt and review of correspondence and electronic filing. Indeed, one entry shows thirty minutes for filing of a certificate of service counsel failed to include with an earlier filing. This failure and delay should not be borne by the Plaintiff. These entries, like prior entries for similar work, are reduced to a total of 3 hours.

Lastly, the entries dated 10/28/13 through 10/30/13 include, for the most part, the time it took for a new attorney to come up to speed on the case and represent the Plaintiff during oral argument. The sixteen hours billed for this period are unreasonable in view of the lack of explanation for the need for new counsel's involvement so late in the proceedings. This stretch of time is, therefore, reduced to 11 hours. Ultimately, because counsel has not submitted anything further on which the court could rely for an upward adjustment that exhausts the total remaining amount of withheld benefits, counsel may collect only $5,775.00 (for 33 hours at the rate of $175 per hour), plus $798.60 for expenses.

**THEREFORE, IT IS ORDERED**,

That Plaintiff's counsel, Eugene Gifford, Jr., and the law firm of Gifford and Tennison, are hereby awarded a total of $6,573.60 to be paid by the Commissioner from the Plaintiff's past-due benefits.

This 1st day of June, 2015.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE